KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert W. Stewart, | No. CV 10-1214-PHX-SRB (ECV) |
| Plaintiff, | **ORDER** |
| vs. | |
| Joseph Welty, et al., | |
| Defendants. | |

Plaintiff Robert W. Stewart, who is confined in the Federal Correctional Center-Beaumont in Beaumont, Texas, has filed a *pro se* civil rights Complaint pursuant to Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), and paid the filing fee. On June 11, 2010, Plaintiff filed an Amended Complaint (Doc. #3). The Court will dismiss the action.

**I.    Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Id. at 1950.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court should not, however, advise the litigant how to cure the defects.  This type of advice "would undermine district judges' role as impartial decisionmakers."  Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies).  Plaintiff's Amended Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## II.    Amended Complaint

An amended complaint supersedes the original complaint.  Ferdik v. Bonzelet, 963 F.2d 1258,1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the original pleading is treated as nonexistent.

1  Ferdik, 963 F.2d at 1262.  Thus, causes of action alleged in an original complaint which are
2  not alleged in an amended complaint are waived.  King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.
3  1987).

4  Plaintiff names the following Defendants in the Amended Complaint: Assistant U.S.
5  Attorneys Joseph Welty and Frederick Bautista; Bureau of Alcohol, Tobacco, and Firearms
6  Special Agent Lawrence Bettendorf; 17 other unknown federal agents and police officers;
7  and United States District Court Judge Roslyn O. Silver.

8  Plaintiff raises three grounds for relief in the Amended Complaint:

9  (1) During pretrial proceedings in 2001, Defendant Welty violated Plaintiff's Fifth
10      and Sixth Amendment due process rights when he intervened to persuade the
11      superior court to withdraw an order that restored Plaintiff's civil rights, and
12      Defendant Bautista failed to correct the violation;

13 (2) Plaintiff's Sixth Amendment rights were violated when, during trial,
14     Defendant Silver refused to allow Plaintiff to demonstrate to the jury that his
15     civil rights had been restored; and

16 (3) Plaintiff's due process rights were violated when Defendant Bettendorf refused
17     to withdraw the charges against Plaintiff even though Plaintiff showed him a
18     copy of a signed court order that restored his civil rights.

19 Plaintiff seeks money damages and dismissal of his criminal charges.

20 **III.   Failure to State a Claim**
21      **A.   Dismissal of Criminal Charges**

22 Habeas corpus is the proper proceeding in which to challenge the legality or duration
23 of confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citing Preiser v.
24 Rodriguez, 411 U.S. 475, 484 (1973).  In contrast, a civil rights action is the proper method
25 for challenging the conditions of a prisoner's confinement.  Id. (citing Preiser, 411 U.S. at
26 498-99); Crawford v. Bell, 599 F.2d 890, 891-92 (9th Cir. 1979).

27 A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is generally the appropriate
28 method for challenging a federally imposed conviction or sentence, including a challenge that

1  "the sentence was imposed in violation of the Constitution or laws of the United States, or
2  that the court was without jurisdiction to impose such sentence, or that the sentence was in
3  excess of the maximum authorized by law." 28 U.S.C. § 2255(a); Tripati v. Henman, 843
4  F.2d 1160, 1162 (9th Cir.1988).

5        Accordingly, to the extent that Plaintiff seeks to have his conviction reversed, he has
6  failed to state a claim under Bivens.

7        **B.**      **Claims for Damages**

8        Plaintiff's civil rights complaint is premature because his conviction has never been
9  reversed, expunged or otherwise invalidated. The Supreme Court has held:

10
11
12
13
14
> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

15  Heck v. Humphrey, 512 U.S. 477, 486-7 (1994) (emphasis in original) (footnote omitted).
16  "[T]he rationale of Heck applies to Bivens actions." Martin v. Sias, 88 F.3d 774, 775 (9th
17  Cir. 1996).

18        Therefore, when a prisoner seeks damages in a civil rights suit, the district court must
19  consider whether a judgment in favor of the Plaintiff would necessarily imply the invalidity
20  of his conviction or sentence. Id.  If it does, the complaint must be dismissed if the
21  conviction or sentence has not already been invalidated.  Plaintiff's claims directly imply
22  invalidity of his conviction and sentence.  Plaintiff has not demonstrated that his conviction
23  has been reversed, expunged, or invalidated.  Accordingly, Plaintiff's claims are barred by
24  Heck and must be dismissed.

25  **IT IS ORDERED:**

26      (1)    The Amended Complaint (Doc. #3) is **dismissed** for failure to state a claim
27  pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment
28  accordingly.

1    (2)    The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)    The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 16th day of June, 2010.

*Susan R. Bolton*
Susan R. Bolton
United States District Judge